IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL BENOIST, | No. 2:18-CV-1611-MCE-CMK |
| Plaintiff, | |
| vs. | ORDER |
| THE VETERANS' ADMINISTRATION, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is plaintiff's request for leave to proceed in forma pauperis (Doc. 2). Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security therefor. Plaintiff's request for leave to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

1

malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction. Because plaintiff, who is not a prisoner, will be granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the court will also consider as a threshold matter whether it has subject-matter jurisdiction.

Plaintiff alleges generally that the Veterans' Administration erroneously denied his disability claim. The complaint contains a lengthy discussion of the many ways in which plaintiff believes the Veterans' Administration is mistreated veterans and their claims since as far back as the 1970s. Plaintiff does not, however, reference any legal theory of liability upon which the court could grant relief. Moreover, plaintiff's failure to do so does not provide adequate notice to defendant of the nature of plaintiff's claim and potential defenses. For these reasons, the court finds that plaintiff's complaint, as currently set forth, fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." See also Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996) (holding that Rule 8 requires the complaint to give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests). Plaintiff will be provided an opportunity to file an amended complaint and is cautioned that failure to do so within the time specified herein may result in dismissal of the entire action for failure to comply with court orders and lack of prosecution. See E. Dist. Cal. Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted;
2. Plaintiff's complaint (Doc. 1) is dismissed with leave to amend; and
3. Plaintiff shall file an amended complaint within 30 days of the date of this order.

DATED: June 18, 2018

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE