# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

NOEL BENOIST,

    Plaintiff,

v.

VETERANS ADMINISTRATION,

    Defendant.

No. 2:18-CV-1611-MCE-DMC

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is defendant's motion to dismiss (ECF No. 19).

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's first amended complaint. See ECF No. 6. Plaintiff claims he was found to be in perfect health upon his entry into the Army in 1966. See id. at 4. According to plaintiff, he was later "injured to the degree that Army regulations REQUIRE a medical review board for possible medical discharge." Id. Plaintiff states he was diagnosed with "congenital fusion," a diagnoses plaintiff claims is intentionally inaccurate. Id. at 5. Plaintiff alleges defendant made a "clear and unmistakable error" in not granting 100% disability when he was eventually discharged from the military. ECF No. 6, pg. 6. Plaintiff states he had four prior cases adjudicated by the "U.S. District Court for Veterans Appeals" and

that four remains issued by that court were ignored by defendant. See id. at 7. Plaintiff alleges defendant acted maliciously and criminally, in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO). See id. Plaintiff faults defendant for not declaring him 100% disabled. See id. at 35.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting

Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

In its motion to dismiss, defendant argues: (1) this court lacks subject matter jurisdiction to review any decision relating to veterans benefit determinations; (2) the federal government has not waived its sovereign immunity as to any tort claims and such claims are barred in any event; and (3) no RICO claim can be asserted against the federal government. For the reasons discussed below, the court finds it lacks subject matter jurisdiction to consider plaintiff's claims.[1]

///

///

---

[1] In making this finding, the court expresses no opinion on the merits of plaintiff's claims and in no way intends to disparage plaintiff's service to this country, for which the court is grateful.

3

### A. Judicial Review of Veterans Benefit Determinations

Under 38 U.S.C. § 511(a), the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." The decision of the Secretary may not be reviewed by any other official or by any court. See id. By the plain language of the statute, judicial review of any decisions related to plaintiff's veterans benefits is foreclosed. See Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1019-26 (9th Cir. 2012) (en banc); see also Sorrell v. Department of Veterans Affairs, 2017 WL 1365029, at *2 (D. Ariz. 2017).

### B. Sovereign Immunity

To the extent plaintiff presents viable tort claims, the court lacks jurisdiction over such claims because plaintiff has not complied with the Federal Tort Claims Act. As defendant notes, plaintiff does not allege he filed an administrative claim. Because he has failed to do so, the government has not waived its sovereign immunity. See 28 U.S.C. § 2675(a). Moreover, to the extent plaintiff presents tort claims based on fraud or misrepresentation, such claims are barred. See 28 U.S.C. § 2680(h); see also Owyhee Grazinv Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir. 1981).

### C. RICO

A RICO claim cannot lie against the federal government. See McMillan v. Dep't of Interior, 907 F. Supp. 322, 326 (D. Nev. 1995).

///
///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss (ECF No. 19) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 2, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE